THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF
AMERICA,                          :

        Plaintiff,

                        Case No. 3:17-cr-61

        v.                        :

CORY P. POPE, JR.,                           Judge Walter H. Rice

        Defendant.              :

---

ORDER OVERRULING MOTION FOR COMPASSIONATE RELEASE OF
DEFENDANT CORY P. POPE, JR. (DOC. #33) AS MOOT GIVEN
DEFENDANT IS NO LONGER INCARCERATED

---

Before the Court is the Motion for Compassionate Release of Defendant

Cory P. Pope, Jr. (Doc. #33). On June 15, 2018, Defendant was sentenced to

seventy-two months imprisonment after pleading guilty to two counts from the

Indictment. (Judgment, Doc. #26, citing Indictment, Doc. #3). On October 13,

2021, Defendant filed the Motion under 18 U.S.C. § 3582(c)(1)(A), as amended

by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning

Every Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194.

While the Motion was pending, Defendant was released on August 21, 2023.[1] A

case becomes moot if "the issues presented are no longer 'live' or the parties lack

a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481

(1984) (citation omitted). A motion for compassionate release seeks relief not

---

[1] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jul. 1, 2024)

from the judgment *in toto*, but from the confinement imposed as part of the judgment. "When a prisoner is released from custody, the motion for compassionate release becomes moot because there is no further relief this Court can provide[,]" *United States v. Sanchez*, No. 16-cr-2077, 2021 WL 5999764, *1 (S.D. Cal. Dec. 17, 2021) (collecting cases), and there is no longer a "live" and redressable issue pending before the Court. *See, e.g.*, *United States v. Hernandez*, 845 F. App'x 921, 921 (11th Cir. 2021) (*per curiam*) ("Completion of a prison term moots a challenge to the term of confinement.").

As (Defendant) has completed his term of confinement, his Motion no longer presents a live case or controversy, and the Court is without jurisdiction to hear it. U.S. Const. art. III § 2. Accordingly, the Motion is OVERRULED AS MOOT.[2]

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

[2] Also, the Court, having considered the factors for granting compassionate release set forth in *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021), concludes that Defendant would not have been eligible for release while he was incarcerated. Defendant concedes he did not petition the Warden for compassionate release, as is required by 18 U.S.C. § 3582(c)(1)(A). (Doc. #33, PAGEID 141). While Defendant is correct that in some instances administrative exhaustion may be excused if doing so would be futile (*id*. at PAGEID 141-42, quoting *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019)), *Washington* is not a First Step Act case, and courts have held that the exhaustion requirement under the First Step Act is mandatory, meaning this Court is without authority to grant compassionate release without a demonstration of exhaustion. *See, e.g.*, *United States v. Bolze*, 460 F. Supp. 3d 697, 704 (E.D. Tenn. 2020), quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

IT IS SO ORDERED.

Walter H. Rice

WALTER H. RICE, JUDGE

July 1, 2024                    UNITED STATES DISTRICT COURT